**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4135

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

DENNIS R. MIRACLE,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.   James P. Jones,
District Judge. (2:10-cr-00010-jpj-pms-1)

Submitted: October 11, 2011         Decided: January 19, 2012

Before KING, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for
Appellant.   Timothy J. Heaphy, United States Attorney, Steven
Randall Ramseyer, Assistant United States Attorney, Abingdon,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis R. Miracle appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006), driving under the influence in violation of 36 C.F.R. § 4.23(a), and driving with a suspended license in violation of 36 C.F.R. § 4.2. Miracle pleaded guilty pursuant to a plea agreement and was sentenced to a cumulative term of imprisonment of ninety-six months.

The Government moved to dismiss Miracle's appeal on the basis of the appellate waiver in his plea agreement. Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We find that Miracle's appellate waiver extended only to an appeal of his sentence; thus, the issues he raises on appeal are not barred by the waiver. The scope of the provision is not clear from its text and, more importantly, at Miracle's plea hearing, the Government and the district court represented it as a waiver only of Miracle's right to appeal his sentence. Therefore, we deny the Government's motion to dismiss.

2

Miracle challenges his guilty plea with a claim that the Government did not support his plea agreement with adequate consideration. The Government agreed to dismiss two pending charges in exchange for Miracle's guilty plea. Miracle argues that the possible punishment for the dismissed charges was not proportional to the punishment imposed for the charges to which he pleaded guilty. We do not concern ourselves with such review of proportionality of punishments. Miracle agreed to plead guilty to three charges in return for the dismissal of two additional charges. Both parties kept their promises. We will not disturb the bargain because Miracle, in hindsight, views it as lopsided. We find that Miracle's plea agreement was supported by adequate consideration.

Miracle's other appellate argument is that his conviction was not supported by a factual basis because he did not admit his conduct. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Miracle did not move the district court to withdraw his guilty plea; thus, this court reviews the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Miracle] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir.

3

2007). Even if Miracle satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted). To find a factual basis, a court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). A court "may conclude that a factual basis exists from anything that appears on the record." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Miracle testified that he had no memory of the day in question, but pleaded guilty because he was aware that others would testify to his actions. He did not contest his guilt. The district court received ample evidence to support Miracle's guilty plea. Moreover, Miracle stipulated in his plea agreement that a factual basis existed to support his plea. On this record, we find that the evidence before the district court clearly established a factual basis for Miracle's plea. While it is true that the court did not proclaim that it found that the plea was supported by a factual basis, we conclude that this technical omission does not amount to plain error because it did not affect Miracle's substantial rights. Because a factual

4

basis was actually adduced on the record, we decline to disturb Miracle's plea on account of a clerical shortcoming by the district court.

We therefore deny the Government's motion to dismiss and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED